■ FRANCIS WARIN et al., Appellants, v WILDENSTEIN & CO., INC., et al., Respondents. [846 NYS2d 153]—

Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered July 13, 2006, dismissing the complaint pursuant to an order, same court and Justice, entered July 11, 2006, which granted defendants' request for a determination that plaintiffs' claim is time-barred under French law, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs, the great-nephew of Alphonse Kann and an organization dedicated to preserving Kann's memory and recovering

his artwork, seek to recover eight illuminated manuscripts that were allegedly stolen from Kann by the Nazis during World War II and are now in the possession of defendants. Defendants filed a request for judicial notice of French law pursuant to CPLR 4511, seeking a determination that plaintiffs' claim was barred by the Special Ordinances issued by the French government after the war to facilitate the return of artwork stolen by the Nazis to its original owners and by the French Civil Code, which applies generally to property disputes.

A sound basis exists in the record for the court's determination crediting defendants' expert. Based on the expert's testimony and the plain language of the Ordinances at issue, the court correctly found that plaintiffs' claim is barred by the Ordinance of April 11, 1945, because neither plaintiffs nor their predecessors made a claim for the manuscripts recovered by the State by December 31, 1947, and because Georges Wildenstein became the legal owner of the manuscripts after the expiration of the two-year period following the last turnover of manuscripts to him by the Commission de Recuperation Artistique, in 1952. Thus, as of 1954, any claim plaintiffs wished to file against the Wildensteins had to be based on the provisions of the French Civil Code.

The court correctly found that plaintiff's claim is also barred by the Civil Code, under either article 2262, which bars claims against holders of property in "good faith" after three years, or article 2279, which bars claims against holders in "bad faith" after 30 years, provided that they possessed the property in a continuous, peaceful, open and unequivocal manner. In view of the legal presumption, contained in article 2268, that defendants held the manuscripts in good faith, the fact that the Commission de Recuperation Artistique turned the manuscripts over to defendants after conducting an investigation, and plaintiffs' failure to submit any evidence that defendants actively concealed the manuscripts, no triable issue of fact exists as to defendants' bad faith. Thus, plaintiffs' claim is barred by the three-year period of limitations, which began to run in 1954. Concur—Lippman, P.J., Friedman, Sullivan, Gonzalez and Catterson, JJ. [*See* 13 Misc 3d 1201(A), 2006 NY Slip Op 51631(U).]